UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24291-BLOOM/Louis

VICTOR ARIZA,

    Plaintiff,

v.

UNTUCKIT, LLC, a foreign
limited liability company,

    Defendant.
_____/

# **ORDER**

**THIS CAUSE** is before the Court upon the Plaintiff's Motion for Default Final Judgment, ECF No. [12] ("Motion"). The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

Plaintiff Victor Ariza ("Plaintiff") filed the above-captioned action on October 17, 2019, ECF No. [1]. A summons was issued as to Defendant Untuckit, LLC ("Defendant") on October 17, 2019. ECF No. [3]. Service of the summons and Complaint was executed on Defendant on October 21, 2019, setting a response deadline of November 12, 2019. ECF No. [5]. A Clerk's default was entered against Defendant on December 2, 2019, ECF No. [10], after Defendant failed to appear, answer, or otherwise plead to the Complaint. On December 3, 2019, the Court entered an Order on Default Judgment Procedure, indicating that Default Final Judgment would be entered against Defendant if Defendant failed to move to set aside the Clerk's Default. ECF No. [11]. To date, Defendant has not moved to set aside the Clerk's Default or filed any other paper in response to this Court's orders. Plaintiff filed the instant Motion on December 16, 2019. ECF No. [12].

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id*. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of the well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of

record." (citations omitted)); *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004). Here, however, Plaintiff requests declaratory and injunctive relief only.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [12]**, is **GRANTED**. Judgment is entered in favor of Plaintiff against Defendant. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Default Final Judgment. Further, the Court orders that Defendant:

1. No later than January 1, 2021, shall no longer deny individuals with disabilities, including the Plaintiff, the opportunity to participate and benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through its website https://www.untuckit.com. The website must be accessible by individuals with disabilities who use computers, laptops, tablets, and smart phones.

2. No later than January 1, 2021, shall no longer provide individuals with disabilities, including the Plaintiff, an unequal opportunity to participate and benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through its website https://www.untuckit.com. The website must be accessible by individuals with disabilities who use computers, laptops, tablets, and smart phones.

3. No later than January 1, 2021, shall adopt and implement a Web Accessibility Policy which ensures that its website conforms with the WCAG 2.0, Level AA criteria.

4. No later than January 1, 2021, shall require any third-party vendors who participate on its website to be fully accessible to the disabled by conforming with WCAG 2.0, Level AA criteria.

5. No later than January 1, 2021, shall make publicly available and directly link from the https://www.untuckit.com homepage, a statement of Defendant's Accessibility Policy to ensure the persons with disabilities have full and equal enjoyment of its website and shall accompany the public policy statement with an accessible means of submitting accessibility questions and problems.

6. No later than January 1, 2021, and at least once yearly thereafter, shall provide mandatory web accessibility training to all employees who write or develop programs or code for, or who publish final content to, https://www.untuckit.com on how to conform all web content and services with WCAG 2.0 criteria.

7. No later than January 1, 2021, and at least once every three months thereafter, shall conduct automated accessibility tests of its website to identify any instances where the website is no longer in conformance with WCAG 2.0. The Defendant will send a copy of the twelve (12) quarterly reports to the Plaintiff's counsel for review.

8. If the Plaintiff believes the Injunction has been violated, he shall give written notice (including reasonable particulars) to the Defendant of such violation. Defendant shall have 30 days from receipt of the written notice to investigate and correct any alleged violations.

9. If Defendant fails to correct the violation, Plaintiff may seek relief from the Court.

10. Plaintiff is entitled to reasonable attorney's fees, costs, and litigation expenses under 42 U.S.C. § 12205. Plaintiff shall file his application for fees, costs, and expenses within thirty (30) days from the date of this Order.

Case No. 19-cv-24291-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 20, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

UNTUCKIT, LLC
Registered Agent: Corporate Creations Network, Inc.
11380 Prosperity Farms Road #221E
Palm Beach Gardens, FL 33410

Chris Riccobono
Untuckit LLC
110 Greene Street
Suite 400
New York, NY 10012