# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-24291-BLOOM/Louis

VICTOR ARIZA,

    Plaintiff,

v.

UNTUCKIT, LLC,

    Defendant.

_____/

## OMNIBUS ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND MOTION FOR COSTS

**THIS CAUSE** is before the Court upon Plaintiff's Application for Attorney's Fees, Costs and Expert Expenses, ECF No. [17], and Plaintiff's Bill of Costs, ECF No. [16] (together, "Motions"). On December 23, 2019, the Court granted Plaintiff's Motion for Default Final Judgment, *see* ECF No. [13] ("Order"), and directed Plaintiff to file his application for fees, costs, and expenses within thirty (30) days of the date of the Order. Plaintiff's Motions timely followed. The Court has carefully reviewed the Motions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted.

    **A. Attorney's fees**

Plaintiff requests attorney's fees in a total amount of $5,355.00, representing $2,465.00 billed by attorney Roderick Hannah and $2,890.00 billed by attorney Pelayo Duran. Pursuant to 42 U.S.C. § 12205, "in any action . . . commenced pursuant to [the ADA], the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." Congress thus expressly conferred upon federal courts broad discretion in determining when an award of attorney's fees is appropriate. *See Tufaro*

*v. Willie*, 756 F. Supp. 556, 560 (S.D. Fla. 1991) (*citing Hughes v. Rowe*, 449 U.S. 5, 14 (1980)); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1292 (11th Cir. 1988) ("For decades the law in this circuit has been that [t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). In *Norman,* the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorney's fees.

First, a district court must determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1299; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The party who applies for attorney's fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303.

After calculating the lodestar fee, the court may then proceed with an analysis of whether to adjust the amount upwards or downwards. In making this determination, the court may depend upon a number of factors, including the quality of the results, and representation in the litigation. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987). But, "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that

is not excessive." *Id.* (quoting *Hensley*, 461 U.S. at 436-37). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

It is noteworthy that success in civil rights claims is measured differently than success in a private tort claim. *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). In fact, "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages." *Id.* (quoting *Blanchard v. Bergeron,* 489 U.S. 87, 96 (1989)). Likewise, the Supreme Court has stated that "[u]nlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms." *City of Riverside v. Rivera,* 477 U.S. 561, 574 (1986). Accordingly, "public benefit is a distinct measure of success in civil rights actions . . . ." *Villano*, 254 F.3d at 1307. "When determining the degree of success obtained by a civil rights plaintiff, a court must thus be careful not to place 'undue emphasis on the modest money damages that were found by the jury' because successful civil rights actions vindicate a public interest." *Villano*, 254 F.3d at 1306 (quoting *Williams v. Thomas*, 692 F.2d 1032, 1038 (5th Cir. 1982); *Norman,* 836 F.2d at 1302 ("The vindication of a constitutional right is important even if only a small amount of money is involved.").

The Court has carefully reviewed Plaintiff's requested attorney's fees and accompanying exhibits. In determining the appropriate hourly rate for Plaintiff's attorneys, the Court considers the factors elucidated in *Norman*, case law, as well as its own knowledge and experience. In the opinion of the Court, in light of the above factors, and Defendant's failure to object, the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1350 (S.D. Fla.

2006) ("Satisfactory evidence may also include 'citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases.'"). The hourly rates for the attorneys ($425) are not excessive. The Court further concludes that because Plaintiff achieved the full measure of success sought, the results obtained were "excellent" and thus, the award of fees "will encompass all hours reasonably expended on the litigation . . . ." *Hensley*, 461 U.S. at 435. Further, it is noteworthy that requiring Defendant to remove the barriers to the subject website, and thus enjoining it from continuing its discriminatory practices, vindicates the public interest by making the website readily accessible to, and useable by, individuals with disabilities — the very individuals which the ADA was enacted to protect. *See Villano*, 254 F.3d at 1306 ("[S]uccesful civil rights actions vindicate a public interest."); *Norman,* 836 F.2d at 1302 ("[V]indication of class-wide rights are generally more significant than relief granted for an isolated violation of constitutional rights."); *Hensley,* 461 U.S. at 435 ("[T]he district court should focus on the significance of the overall relief obtained by the plaintiff.").

### B. Costs and litigation expenses

Plaintiff also seeks $474.20 in taxable costs, including service of process fee, filing fee, and copy charges necessarily incurred in the case,[1] and litigation expenses in the form of the fee for his expert Robert Moody, in the amount of $3,937.50. In support of his requests, Plaintiff attaches Mr. Moody's curriculum vitae and invoice for services, and payment records associated with the other costs incurred. ECF Nos. [16, [17-4], [17-5], [17-6]. Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P.

---

[1] In the Bill of Costs, ECF Nos. [16], [17-6], Plaintiff requests an amount for "fees and disbursements for printing," under 28 U.S.C. § 1920(3), however, in Plaintiff's Motions, the request is specifically for copy charges, which are taxable under 28 U.S.C. § 1920(4). As such, the Court construes Plaintiff's request under 28 U.S.C. § 1920(4).

54(d)(1). A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002). A prevailing party is "entitled to receive all costs that are recoverable under 28 U.S.C. § 1920." *Bryant v. Cab Asset Mgmt., LLC*, No. 10-61514-CIV, 2011 WL 1331267, at *3 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted by*, 2011 WL 1598732, at *1 (S.D. Fla. Apr. 27, 2011). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007) (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

> Under 28 U.S.C. § 1920, the Court may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In addition, a prevailing plaintiff in an ADA case may recover expert fees as a litigation expense. *Hansen*, 420 F. Supp. 2d at 1353 (citing *Lovell v. Chandler*, 303F.3d 1039, 1058 (9th Cir. 2002)). Unless otherwise prohibited, "[a] prevailing party may recover costs as a matter of course"; "the losing party bears the burden of demonstrating that a cost is not taxable,

unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (internal citations omitted).

Based upon a review of the materials submitted by Plaintiff, the Court finds that the requested costs and expert fees are reasonable and recoverable. *See Goodman v. Sperduti Enterps., Inc.*, No. 08-62096-CIV, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920 . . . ."); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) (concluding that private process servers may be taxed pursuant to 28 U.S.C.A § 1920(1) which permits taxation of "[f]ees of the clerk and marshal, and noting that copy costs necessarily obtained for use in a case are recoverable). Accordingly, Plaintiff is entitled to recover $4,411.70 in costs and litigation expenses, including service of process fee ($55.50), filing fee ($400.00), expert fees ($3,937.50), and copy costs ($18.70).

Therefore, it is **ORDERED AND ADJUDGED** that the Motions, **ECF Nos. [16], [17]**, are **GRANTED** as follows:

1. Plaintiff is awarded **$5,355.00** in attorney's fees; and
2. Plaintiff is awarded **$474.20.70** in taxable costs, and **$3,937.50** in litigation expenses.

**DONE AND ORDERED** in Chambers in Miami, Florida on January 23, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Untuckit, LLC
c/o Registered Agent, Corporate Creations Network, Inc.
11380 Prosperity Farms Road #221E
Palm Beach, Florida 33410